UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

INDEPENDENT HOUSING SERVICES :
OF SAN FRANCISCO, :
    :
    Plaintiff, :
    :
v. : NO. C 91-1220 BAC DLJ
    :
FILLMORE CENTER ASSOCIATES, :
SAN FRANCISCO REDEVELOPMENT :
AGENCY and FILLMORE CENTER :
PROJECT CORPORATION, :
    :
    Defendants. :

**MEMORANDUM AND ORDER**

BECHTLE, J.                                  DECEMBER 13, 1994

Presently before the court is defendant San Francisco Redevelopment Agency's ("Agency") motion for summary judgment. For the reasons set forth below, defendant's motion will be denied.

I.      **BACKGROUND**[1]

This lawsuit arises out of the construction of Fillmore Center ("the project"), a 1113 unit apartment building in San Francisco. The project was built as a collaborative effort between the owners and the developers of the project, Fillmore Center Associates ("FCA") and the Agency.

---

1.      The facts and history of this case were previously set forth at length in Judge Caulfield's Order of December 28, 1993. The court will not restate this information. Instead, it will adopt the "Background" and "Introduction" sections of Judge Caulfield's December 28, 1993 Order as though fully set forth herein.

In March 1991, before construction was completed, plaintiff Independent Housing Services ("IHS") brought suit against FCA, the Agency, and the project's architects, alleging that the Fillmore Center was designed, constructed and operated in violation of federal, state and local handicap access laws. FCA entered bankruptcy after this suit was initiated and has since received a discharge under its plan of reorganization. The project is now owned by Fillmore Center Project Corporation ("FCPC").

On November 15, 1992, the Agency issued revenue refunding bonds in the amount of $100 million to FCPC to finance the project under the approved plan of reorganization. The Agency's issuance of these bonds has now become the focus of this lawsuit. Plaintiff claims that the Agency's issuance of the bonds to FCPC constitutes a violation of the Americans with Disabilities Act, 42 U.S.C. § 12101, et seq. ("ADA"). The Agency has moved for summary judgment on the grounds that: (1) there is no genuine issue of material fact as to whether the Agency's housing program, when viewed in its entirety, is accessible to the disabled; and (2) there is no genuine issue of material fact as to whether the Agency's issuance of the bonds violated the ADA.

The parties appeared at a hearing before the court on August 12, 1994, during which both sides were given an opportunity to present argument to the court in support of their respective positions on the Agency's latest motion for summary

judgment. During the hearing, the Agency argued that the court should find, as a matter of law, that the Agency's issuance of bonds to FCPC to pull the project out of bankruptcy was not a violation of the ADA, and that the Agency's entire affordable housing program is accessible under ADA guidelines. IHS argued that the Agency is asking the court to revisit an already settled legal argument, and to grant summary judgment on an extremely complex and disputed factual question for which summary judgment is improper.

After considering the arguments of the parties at the August 12, 1994 hearing, and the submissions set forth in the parties' briefs, the court agrees that summary judgment is inappropriate at this time.

II.     **STANDARD FOR SUMMARY JUDGMENT**

Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Whether a genuine issue of material fact is presented will be determined by asking if "a reasonable jury could return a verdict for the non-moving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

On a motion for summary judgment, the non-moving party has the burden to produce evidence to establish prima facie each element of its claim. Celotex Corp. v. Catrett, 477 U.S. 317,

322-23 (1986). Such evidence and all justifiable inferences that can be drawn from it are to be taken as true. <u>Anderson</u>, 477 U.S. at 255. However, if the non-moving party fails to establish an essential element of its claim, the moving party is entitled to a judgment dismissing that claim as a matter of law. <u>Celotex</u>, 477 U.S. at 322-23.

III.    **DISCUSSION**

    A.    **Issuance of the Bonds**

This court has already held, per Judge Caulfield's Order of December 28, 1993, that the ADA is applicable to the Agency's issuance of the bonds, and that the Agency may be liable under the ADA if it provided assistance "to an organization that discriminates against disabled beneficiaries of the public agency's program." See <u>Independent Housing Services of San Francisco v. Fillmore Center Associates</u>, 840 F. Supp. 1328, 1344 (N.D. Cal. 1993). Whether or not the Agency provided assistance "to an organization that discriminates against disabled beneficiaries of the public agency's program" is genuine issue of material fact that must be decided at trial. To answer this question, the finder of fact must determine, among other things, whether disabled persons were denied the benefit of an Agency "service" because they were denied the opportunity to live in Fillmore Center. <u>Id</u>. at 1344. Consequently, the court will not grant summary judgment on this issue.

4

### B. The Agency's Affordable Housing Program

The Agency contends that its affordable housing program, when viewed in its entirety, is accessible to the disabled under ADA guidelines. However, the only evidence that the Agency submits in support of this contention is the seven-page Declaration of Jack Robertson, Chief of Housing Production and Management for the Agency. Robertson asserts that the Agency has housing programs specifically designed for people with disabilities, and that it regards serving the disabled community "as among the highest of priorities." (Robertson Decl. at ¶¶ 5 and 7.) Robertson also asserts that, since 1989, the Agency has provided funding for 1157 units designed specifically for the disabled, and that the Agency now requires developers and architects to certify that redevelopment projects comply with the ADA. (Id. at ¶¶ 10 and 11.) While Robertson's description of the Agency's efforts is laudable, Robertson's declaration alone cannot form the basis for the court to find, as a matter of law, that the Agency's affordable housing program does not discriminate against the disabled. This is a complex factual issue that cannot be decided on a motion for summary judgment. Therefore, the court will not grant summary judgment on this issue.

## IV. CONCLUSION

For the reasons set forth above, defendant's motion for summary judgment will be denied.

An appropriate Order will be entered.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

INDEPENDENT HOUSING SERVICES
OF SAN FRANCISCO,

        Plaintiff,

    v.                         NO. C 91-1220 BAC

FILLMORE CENTER ASSOCIATES,
SAN FRANCISCO REDEVELOPMENT
AGENCY and FILLMORE CENTER
PROJECT CORPORATION,

        Defendants.

**ORDER**

AND NOW, TO WIT, this 13th day of December, 1994, upon consideration of defendant San Francisco Redevelopment Agency's motion for summary judgment, and plaintiff's response thereto, and after a hearing before this court on August 12, 1994, IT IS ORDERED that said motion is _denied_.

                                                   _/s/_
                                        LOUIS C. BECHTLE, J.